BRIAN MILLSAP V. SHOW TRUCKS USA, INC.



NO. 07-05-0059-CR


NO. 07-05-0064-CR


NO. 07-05-0065-CR





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JUNE 22, 2005


______________________________



MICHAEL EDWARD KILPATRICK,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 22nd DISTRICT COURT OF HAYS COUNTY;



NOS. CR-04-570, CR-03-711, CR-04-528; HON. RON CARR, PRESIDING


_______________________________



ABATEMENT AND REMAND


__________________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Michael Edward Kilpatrick (appellant) appeals his convictions for criminal solicitation
of a minor, attempted sexual performance by a child, and attempted aggravated sexual
assault. The clerk's records were filed on January 13, 2005, and the reporter's records
were filed on February 22 and 28, 2005. Thus, appellant's brief in each case was due
March 30, 2005. That date passed without appellant filing briefs, however. So, on April 11,
2005, this court notified appellant that neither the briefs nor an extension of time to file 
briefs had been received by the court. In response, counsel for appellant filed a motion for
extension of time to file the briefs, which motion was granted to May 31, 2005. No briefs
or extension motion was filed by counsel before the due date. On June 9, 2005, counsel
for appellant was again notified that neither the briefs nor an extension of time to file the
briefs had been filed. Counsel was also admonished that if he did not respond to the
court's letter by June 20, 2005, the appeals would be abated to the trial court. No response
or brief has been received by the court.

 Consequently, we abate these appeals and remand the causes to the 22nd District
Court of Hays County (trial court) for further proceedings. Upon remand, the trial court
shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing
to determine the following:

 1. whether appellant desires to prosecute the appeals;

 

 2. whether appellant is indigent and entitled to appointed counsel; and,


 3. whether appellant has been denied the effective assistance of counsel
due to appellate counsel's failure to timely file appellate briefs. See
Evitts v. Lucey, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35, 83 L.
Ed.2d 821, 828 (1985) (holding that an indigent defendant is entitled
to the effective assistance of counsel on the first appeal as of right
and that counsel must be available to assist in preparing and
submitting an appellate brief). 

 We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue these appeals, is indigent, has appointed counsel, and has been denied effective
assistance of counsel, or has no counsel, then we further direct it to appoint new counsel
to assist in the prosecution of the appeals. The name, address, phone number, telefax
number, and state bar number of the new counsel, if any, who will represent appellant on
appeal must also be included in the court's findings of fact and conclusions of law. 
Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's
record containing the findings of fact and conclusions of law and 2) a reporter's record
transcribing the evidence and argument presented at the aforementioned hearing. 
Additionally, the trial court shall cause the supplemental clerk's records in each case to be
filed with the clerk of this court on or before July 22, 2005. Should additional time be
needed to perform these tasks, the trial court may request same on or before July 22,
2005.

 It is so ordered.


 Per Curiam

Do not publish.



ight="14" border="0">

 Appellees have filed their motion with both the Texas Supreme Court
and the Seventh Court of Appeals. Appellees request this Court forward the motion to the
Texas Supreme Court with written designation as to whether this Court has any objection
to the proposed transfer. Appellant has filed a response opposing the relief requested. 
Having considered the arguments and authorities presented, the Seventh Court of Appeals
defers to the wisdom and judgment of the Texas Supreme Court, but states that it has no
objection to the transfer of this case to the Thirteenth Court of Appeals.
          Accordingly, the Clerk of this Court is ordered to forward Appellees’ Motion for Re-Transfer of Related Appeals and Appellant’s Response to the Texas Supreme Court for
determination. Pending an order from the Texas Supreme Court, nothing herein shall be
construed as abating, extending, or otherwise altering any appellate deadline in this cause.
 
                                                                           Per Curiam